UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICHARD EUGENE WARREN, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:12-cv-0383-JMS-WGH |
| | ) | |
| JOHN OLIVER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Selected Matters**

**I. Background**

Richard Warren is confined in this District and seeks a writ of habeas corpus. On June 4, 2013, the following Order was issued:

> Habeas petitioner Richard Warren was directed to supplement his petition for writ of habeas corpus by "stating whether he is the same individual as was sentenced on April 28, 2008, in the United States District Court for the Northern District of Illinois in No. 05 CR 921-1 by Judge Elaine Bucklo and who, upon being sentenced, was placed in the custody of the United States Marshal." His response filed on May 23, 2013, acknowledges this direction and consists of various statements, but does not include an answer to the question which was put to him. Answering that question, however, is of sufficient importance that he shall have a further period of time, through July 1, 2013, in which to supplement his petition for writ of habeas corpus by doing so.

Mr. Warren has responded by saying that (1) he has not authorized the assigned Magistrate Judge to conduct any proceedings in this action, and (2) the question put to him in the Order is "not germane to the question before the court in this action."

## II. Discussion

No authorization from litigants is required for a full-time Magistrate Judge in this District to issue orders such as issue on June 4, 2013, and described above. L.R. 72-(1) describes the authority of Magistrate Judges in this district. L.R. 72-(1)(c), entitled "Determination of Non-dispositive Pretrial Matters—28 U.S.C. § 636(b)(1)(A)[,]" provides:

> A Magistrate Judge may hear and determine any procedural or discovery motion or other motion or pretrial matter in a civil and criminal case, other than the motions which are specified in Local Rule 72.1(d) of these rules, in accordance with Federal Rules of Civil Procedure 72(a).

"Thus, L.R. 72.1(c) gives broad delegation of authority to Magistrate Judges, and the rule should be interpreted accordingly." *United States v. Auberg*, 2001 WL 987802, *1 (S.D.Ind. July 9, 2001)(footnote omitted). Any further disregard of a Magistrate Judge's order will be undertaken at the party's peril.

Substantively, Mr. Warren has now twice evaded this Court's directions. The Court disagrees with his view that the inquiry is not germane to the resolution of the petition for writ of habeas corpus. For example, he states on page 7 of that petition that he "ha[s] never been convicted of a crime nor ha[s] ever been accused of a crime." He adds on page 7 of the petition that he has "never been accused of any crime, convicted of any crime, nor been sentenced of [sic: for] any crime whatsoever." He does, however, make reference to "an alleged sentence." The Court has no difficulty whatsoever in discerning the importance to the habeas claim whether Mr. Warren admits or denies being "the same individual as was sentenced on April 28, 2008, in the United States District Court for the Northern District of Illinois in No. 05 CR 921-1 by Judge Elaine Bucklo and who, upon being sentenced, was placed in the custody of the United States Marshal." Mr. Warren, moreover, is free to disagree with that assessment, but he is not free to disregard the directions which have been issued based on it. The parties to a lawsuit "can not

pick and choose which court orders to obey." *V.I.M. Recyclers v. Magner*, 2004 WL 906313, *3 (N.D.Ill. Apr. 27, 2004). *See Vallejo v. Santini–Padilla*, 607 F.3d 1, 7-8 (1st Cir. 2010)(collecting cases and acknowledging the "array of litigation misconduct faced by district courts"). With respect to a party's failure to obey a court order, such disobedience "in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal."). *Id.* at 8 (quoting *Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002)).

### III. Conclusion

Mr. Warren shall have through September 5, 2013, in which to proceed as directed in the Entry of June 4, 2013. He is **notified** that his failure to do so may result in the dismissal of the action or the imposition of other sanctions without further notice to him.

IT IS SO ORDERED.

Date: 08/23/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

RICHARD EUGENE WARREN
70874-083
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808